IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Govan, #168074,      ) | |
|                                                ) | C/A No. 8:07-3789-MBS |
|             Plaintiff,     ) | |
| vs.      ) | |
| Shirley Singleton, Disciplinary Hearing ) | **O R D E R** |
| Officer (DHO); Levern Cohen, Warden; ) | |
| Carl J. Frederick; Christopher Felder, ) | |
| Major,      ) | |
|             Defendants.     ) | |

Plaintiff Randy Govan is an inmate in custody of the South Carolina Department of Corrections (SCDC). He currently is housed at Allendale Correctional Institution (ACI) in Fairfax, South Carolina. Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was denied due process during a disciplinary hearing and that his discipline was excessive.

This matter is before the court on motion for summary judgment filed by Defendants Shirley Singleton, Levern Cohen, Carl Frederick, and Christopher Felder on March 14, 2008. By order filed March 17, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on April 25, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On August 21, 2008, the Magistrate Judge issued a Report and Recommendation in which she recommended that

Defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on September 12, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set forth in the Report and Recommendation. Briefly, Plaintiff was observed by Tiwanna Jenkins, a classification caseworker, engaging in sexual misconduct. He was served and charged with a violation of § 8.22 of the SCDC Inmate Disciplinary Code. See Incident Report, Entry 21-7. On July 20, 2006, Plaintiff was allowed to speak with a counsel substitute. Plaintiff told the counsel substitute that he denied the charges. Plaintiff also requested the presence of Sgt. Jefferson as an eyewitness at the disciplinary hearing that was set for August 1, 2006.

On August 1, 2006, Plaintiff was escorted to the disciplinary hearing room. Plaintiff requested to speak to his counsel substitute to determine whether counsel substitute had been able to contact Sgt. Jefferson. His request was denied by the hearing officer, Defendant Singleton. Sgt. Jefferson did not appear at the disciplinary hearing. Classification Caseworker Jenkins participated in the hearing by telephone. Plaintiff was found guilty. Plaintiff was sanctioned by loss of telephone privileges for 180 days; loss of canteen privileges for 180 days; imposition of 240 days disciplinary

detention; restrictions on contact visits for 365 days; and loss of 90 days good time credits. See Disciplinary Report and Hearing Record, Entry 21-9.

Plaintiff asserts that he was released from the special management unit (SMU) on October 27, 2006. Plaintiff complains that he was made to wear a pink jumpsuit and was placed on cell restriction fifteen hours per day. Plaintiff also contends that his television set was not returned to him.

Plaintiff asserts that he has been denied procedural and substantive due process and that he has suffered mental and emotional distress. Plaintiff seeks damages against Defendant Singleton in the amount of $129.00 for each day spent in confinement and $25,000 for loss of good time credit, as well as punitive damages in the amount of $35,000. Plaintiff seeks compensatory damages against Defendant Cohen in the total amount of $70,000, as well as punitive damages in the total amount of $70,000. Plaintiff also seeks compensatory damages against Defendants Frederick and Felder in the amount of $35,000 each, as well as punitive damages against each in the amount of $35,000. See generally Complaint, Entry 1.

## II. DISCUSSION

The Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies with respect to his treatment after he was released from SMU. The Magistrate Judge further determined that there was no due process violation with respect to Plaintiff's disciplinary proceedings. In addition, the Magistrate Judge determined that the within action is barred by Heck v. Humphrey, 512 U.S. 477 (1994), which prohibits § 1983 actions for monetary damages, if the claim necessarily implies the invalidity of a prisoner's conviction or sentence. See also Edwards v. Balisok, 520 U.S. 641 (1997) (extending Heck to prisoner claims for damages stemming from loss

of good time credits allegedly resulting from the state's use of constitutionally invalid procedures). Plaintiff objects to the Report and Recommendation in its entirety.

A.     Post-SMU Release Treatment

Plaintiff first contends that the Magistrate Judge erred in finding that Plaintiff's claims regarding his treatment after release from SMU have not been exhausted. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies prior to filing an action pursuant to § 1982. Title 42, United States Code Annotated, Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff asserts that he spoke informally with Defendant Felder on October 31, 2006 and with Defendant Cohen a few days later regarding his claims. He further states that he wrote a complaint to the Director of Operations on December 5, 2006 but never received a response. Plaintiff contends that filing a grievance would have been futile because Defendant Cohen told him that he would deny a grievance if Plaintiff were to file one. Thus, Plaintiff asserts that there were no administrative remedies available to him with respect to his treatment subsequent to release from SMU. Construing the facts in the light most favorable to Plaintiff for purposes of summary judgment, the court will assume that Plaintiff has exhausted his administrative remedies. Accordingly, the court turns to the merits of Plaintiff's claim.

SCDC policy provides that inmates convicted of sexual misconduct are required to wear a pink colored jumpsuit for a period of time after release from lockup status. Affidavit of Levern Cohen, ¶ 17 (Entry 21-4). Moreover, inmates convicted of sexual misconduct have movement restricted. Id. ¶ 18. Inmates who wear pink jumpsuits are required to eat the evening meal together

and then they are locked down until breakfast. Id. ¶ 19. According to Plaintiff, his treatment subsequent to release from SMU deprived him of the same rights and privileges as those inmates in the general population.

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The general rule applicable to equal protection claims is that "the plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).. In the prison environment, four factors are considered in determining whether a prison policy passes constitutional muster: (1) whether there is a valid, rational connection between the policy and the penological interest; (2) whether an alternative means of exercising the right remains open to prison inmates; (3) the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources; and (4) the absence of ready alternatives that fully accommodate the prisoner's rights at de minimis cost to valid penological interests. Id. 655. When a prison regulation allegedly impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. Hause v. Vaught, 993 F.2d 1079, 1082 (4th Cir. 1993) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Prisoners who are disciplined for sexual misconduct have demonstrated a security threat. See Affidavit of Christopher Felder, ¶¶ 12, 13 (Entry 21-3); Affidavit of Levern Cohen, ¶ 18 (Entry 21-4). SCDC policy requiring the wearing of pink jumpsuits and restricting movement serves a legitimate penological interest in limiting sexual offenders access and exposure to female staff. Id.

Other courts have upheld similar restrictions. See, e.g., Green v. Roberts, 2008 WL 4767471 (M.D. Ala. Oct. 29, 2008) (red rather than orange jumpsuit and separate utensils for prisoners with HIV/AIDS); Hargett v. Adams, 2005 WL 399300 (N.D. Ill. Jan. 14, 2005) (yellow jumpsuits and restrictions on movement for certain patients civilly committed under the Illinois Sexually Violent Persons Commitment Act). Plaintiff's claim is without merit.

To the extent that Plaintiff contends his television set was not returned to him, Defendants assert that, pursuant to SCDC policy, Plaintiff's disciplinary record would prevent him from possessing a television set. See Affidavit of Christopher Felder, ¶ 17 (Entry 21-3); Affidavit of Levern Cohen, ¶ 23 (Entry 21-4). Plaintiff's claim is without merit.

B.     Due Process - Disciplinary Hearing

Plaintiff next asserts that the Magistrate Judge erred in finding that Plaintiff was afforded adequate due process in his disciplinary hearing. Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a retraction justified by the considerations underlying our penal system. Wolff v. McDonnell, 418 U.S. 539, 555 (1974) (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)). Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. Id. at 556 (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). As the Magistrate Judge properly noted, a prisoner is entitled to five procedural safeguards in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) written notice of the charges 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such evidence does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative; and (5) a

written decision by the fact-finder as to the evidence relied upon and the rationale behind the tribunal's conclusion. Id. at 563-66.

The gravamen of Plaintiff's objection is that he was not allowed to call Sgt. Jefferson as a witness or to obtain a continuation of the disciplinary hearing until Sgt. Jefferson could be available. According to Plaintiff, Sgt. Jefferson could verify that Plaintiff "was never in the Charleston Unit and didn't live in the Unit" where the sexual misconduct took place. Objections to Report and Recommendation, 15 (Entry 34). The court's review of the Incident Report indicates that Tiwanna S. Jenkins reported that she was in her office in the Charleston Unit. She glanced out a window and observed Plaintiff engaged in masturbation. She reported the incident to Sgt. Jefferson, and later Plaintiff was identified. Jenkins indicates in the Incident Report that Plaintiff is from Beaufort Unit. Incident Report (Entry 21-7). It is unclear what information Sgt. Jefferson could have provided that is contrary to the information contained in the incident report. Defendant Singleton, the hearing officer, was entitled to reject Plaintiff's request to call a witness because, in her opinion, the testimony would be irrelevant or cumulative. See Ward v. Johnson, 690 F.2d 1098, 1104 (4th Cir. 1982). Moreover, as the Magistrate Judge correctly noted, the requirements of due process are satisfied "if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Superintendent v. Hill, 472 U.S. 445, 455 (1985). In this case, the disciplinary officer heard eyewitness testimony and found Plaintiff's version of the facts to be not credible. Affidavit of Shirley Singleton, ¶ 14 (Entry 21-6). Plaintiff's objection is without merit.

C.    Heck v. Humphrey

The Plaintiff contends that the Magistrate Judge erred in finding the within action barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court determined

7

that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87. The holding of Heck has been applied to inmate disciplinary hearings. See Edwards v. Balisok, 520 U.S. 641 (1997).

In this case, the procedural defects complained of by Plaintiff would necessarily imply the invalidity of the deprivation of his good-time credits. Plaintiff contends, as set forth hereinabove, that he was denied the opportunity to call a witness. Such a procedural defect, if found to exist, would call into question the validity of Plaintiff's conviction and loss of good-time credit. Under the reasoning of Heck, Plaintiff is not entitled to recover damages under § 1983 absent a demonstration that the disciplinary action was overturned. Plaintiff's objection is without merit.

D.   Discovery

Plaintiff objects to the Magistrate Judge's denial of his motions to compel discovery (Entries 23 and 24) and for an extension of time to complete discovery (Entry 25). A district judge may reconsider any pretrial matter where it is shown that the Magistrate's Judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The court has reviewed the motion, order, and objection and finds no error. Accordingly, the Report and Recommendation, to the extent that the Magistrate Judge denied Plaintiff's discovery motions, is **affirmed**.

### III.  CONCLUSION

For the reasons stated, Defendant's motion for summary judgment (Entry 21) is **granted**. The Magistrate Judge's rulings as to Plaintiff's discovery motions (Entries 23, 24, 25) are **affirmed**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 23, 2009

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**